Good morning, your honors. I'm Brett Schweitzer of the Federal Defender's Office here representing Mr. Williams. At this time, I'd like to reserve three minutes for rebuttal. While we certainly can't dispose of the whole case, your honors, I would like to focus primarily on the first issue here with respect to four of three. That's to me the one that's the more interesting or the most interesting. The question for you is, do you know why it was, I guess two questions, why was it that he wasn't willing to stipulate that there was a prior conviction? Well, I was not trial counsel, your honors, so I don't have direct knowledge from the client. However, there was the record makes clear that Mr. Williams essentially did not want to give up his fifth amendment, right? Whatever, whatever tactical, he wanted them to prove it. He wanted, he wanted them to prove one prior conviction. One thing should be made very clear here. When you look at the record, you can see an appeal that when we get to the later provision under the Armed Career Criminal Act or Career Armed Act, that there were other convictions. So I'm sort of lost as to why you would make somebody prove something that was so easy to prove. Well, because your honor, first of all, when Mr. Williams made the decision to withdraw the stipulation, there was no one told him at that point, not the prosecutor, not the government didn't take the position. The judge certainly didn't take the position that the consequence of that was that four convictions were going to be admitted. That happened later in the proceedings. Once he found out, he can say, well, wait a minute. Well, you win, I'm stipulating. It's true, your honor, that the defendant could have essentially given up his fifth amendment rights, but rule 403, the district court cannot essentially conduct a faulty rule 403 analysis and then use that as leverage to make the defendant give up his fifth amendment rights. There were complaints made at trials. Why are you doing more than one? Is that correct? I'm sorry, that was the objection. Because the judge was really wrestling with what to do here. That objection was preserved. I searched for it. It wasn't easy to find, but I did find it. It's in Appendix 238, Lines 1 to 14. It looks like the judge really wrestled with what to do here and tried to- And what happened here, I would suggest, this was a somewhat novel situation. We can see that. Usually you have a stipulation in this case, but what happened here was faced with this somewhat novel situation, rule 403 was essentially thrown out the window once the stipulation was taken away. Apparently, the trial counsel represented that Mr. Williams, although he wasn't willing to stipulate, was not going to contest it and that was told to the judge. Is that right? That's correct and that's critical, Your Honor, because that's the real distinction in this, between this case and every case the government cites. Mr. Williams made perfectly clear to the judge, to the government, and to the jury that there would be no- To the jury? Yes, that's right, Your Honor. In closing arguments, he told, the counsel told the jury that Mr. Williams pleaded guilty, accepted responsibility- That's really out of the way. Well, Your Honor, the moment the defense breathes a word of factually contesting the prior conviction element, this whole 403 analysis is revisited from the get-go, from the very time- No, no, the problem is before it became necessary for the government to prove this, was the Absolutely, Your Honor, that's a 240 of the record. The first time this issue comes up, the defendant makes perfectly clear to the court and the government that there would be no factual contest here. The only issue was that he was not going to sign a formal stipulation. Yeah, but how do you harmonize that? As a trial judge, and I, you know, we have all these cases all the time, we tell the jury over and over and over again, the defendant has no burden to prove, put any evidence in, there's a presumption of innocence, he doesn't have to offer any proof. So, to say you're not going to contest anything, I don't exactly know what that means. I mean, you don't have to contest anything. You can sit there and rely solely on the presumption. We tell that to the jury over and over and over again. So, when you say, well, we won't contest it, you can never imply to a jury that he has some duty to contest something, or that if he doesn't contest it, it's therefore conceded or a fact, that gets you a reversal instantly. So, I'm very in discussion with something to the effect that, based upon the posture of this case, as I understand it, that the judge can tell the jury that based upon the evidence of a prior felony and the defendant's not contesting it, the jury may, if it wishes, take that fact as established. Was there any discussion from either side of any kind of a charge like that? There was not, Your Honor. However, I think it is important to place what happened at trial in the context of the jury's perspective. As Judge Arenas, you were, I think, alluding to a bit. What we have here is the only dispute at trial was whether Mr. Williams had this gun or not. The prosecutor has, at this point, introduced the evidence of the prior convictions, the defense makes no argument against that whatsoever, and in fact, indeed, it tells the jury, please, plead with the jury, don't make the propensity inference here. The overwhelming prejudicial inference that is so, is the reason why prior convictions are radioactive, tells the jury that. He accepted responsibility. There's no possibility, I would submit, Your Honors, that the jury here would have looked at what happened at trial and said, well, there's a reason to reject the prior conviction element. That's, after all, what the point is. Rule 403 requires a genuine need for the evidence. That's perfectly clear from Old Chief. In fact, Old Chief here, although it is obviously involved slightly different facts, not cumulative evidence, but evidence respecting the nature and sentence for the prior conviction. I was offered to stipulate, Old Chief. There was, but there was ... That was the whole point. I would disagree, Your Honor. That case happened to involve a stipulation that's true. An offer of stipulation. An offer of stipulation that's true. And the government turned it down for the purpose of putting in cumulative evidence, showing what a bad person this was, and the Supreme Court said you can't do that. No, not for cumulative evidence, for just evidence of one prior conviction, but along with the sentence and the nature of the crime. Now, but the point is, Old Chief is a Rule 403 stipulation, I agree. But what it said was, you look to, in the 403 analysis, you look to the genuine need. What is the probative value in light of the alternate evidence available? In Old Chief, that happened to be a stipulation. Here, that is, the alternate evidence available is one prior conviction that was uncontested. But in Old Chief, they put the ... I'm sorry, what was put in was what? The quote, full judgment record, right? In Old Chief? Yeah. The judgment of conviction, which included the sentence and the nature of the crime. Was the full judgment record put in here, or just the ... there was a conviction? No, it was the conviction. The government sought to prove that one of the priors involved the robbery, but Judge Coffman ... Would not allow it. ... did not allow that. That's true. So we're not ... It was bland. You read that. It says, bland is ... I never imagined blander testimony than the agent who put in ... It was finger print. I mean, it was about as bland as can be. It's not ... It may be boring, Your Honor. It's reading a conviction. However, this is a bomb in this case, because we have four prior convictions in a situation where otherwise what's really an issue in the case is highly contested, and there are serious, serious discrepancies in the evidence. Two things. One, isn't it a bomb that you invited? And two, is it really a bomb? Does it make any difference? In other words, how was he prejudiced by the fact that there were four as opposed to one conviction? It was a bomb, and we did not invite it, Your Honor. Old Chief and Rule 403 itself requires an analysis of every piece of evidence that comes in ... But it's just a prejudice issue. It's objected to, regardless of whether there's a stipulation. Now, on prejudice, this case was, as I said, extremely hotly contested. First of all, as to what happened on the street, the only real issue in the case, first of all, we have police reports that claim that drugs were discovered and submitted for laboratory analysis. Didn't happen. Never happened. We have the arresting officer who testifies at the trial that he saw the client, Mr. Williams, my client, Mr. Williams, throw the gun at the preliminary hearing. He testified he didn't see that. Now, he was on redirect examination. He tried to explain, well, I misunderstood the previous question. I really was consistent. I didn't see it. Whatever. The fact of the matter is the plain language from the previous testimony was inconsistent, in fact, contradictory to what happened at trial. And that's important because what we have here is not a gun that's found on Mr. Williams. We have a gun that's found in an alley after a chase and that has ... missing a magazine that Mr. Williams, again, doesn't have on his person. So there is a very real challenge here to the factual situation that happened and major inroads, I would say, are made with the jury with respect to this inconsistent testimony. Now, whether the jury ultimately ... how they ultimately resolve those inconsistencies, I would submit, is not the point. The point is that this was not an overwhelming case. And when we look at that, we see that there's no ... in fact, there's no case that the government is able to cite where the entry of the ... where multiple prior convictions were permitted when the defendant agreed not to contest the testimony. There's no case. There's no case in support of that. And in fact, two of their cases suggest quite the opposite. That's Lloyd and Jones that we cover in our reply brief. There, there was no stipulation and the court additionally found it relevant in decontrolling that the defendant did not otherwise agree not to contest the factual issue. So in short, your honors, what we have here is extremely, extremely prejudicial evidence. Judge Adams of this court noted in the Cook case quite a number of years ago that this is probably indeed some of the most prejudicial, unfairly prejudicial evidence there is. He cited one study that suggested that when you control for other factors, such as inconsistencies in the case, conviction rates double when prior convictions come in. And we would submit, your honors, that is precisely what happened here. That was Judge Ambrose's point. I mean, yeah, if a conviction comes in, maybe it has some negative effect, but his part was, does four versus one have that effect? Well, certainly, your honor, the difference we have here is between ... think about it from the jury's perspective. One conviction comes in. Well, there's a, there's a, maybe a one-time offender. We don't know what, what actually came in here. Four prior convictions, a recidivist, a serious repeat recidivist. Well, on the same day. The convictions were on the same day. The convictions, but not the incidents, your honor. So what we have is different incidents and different convictions. They didn't, they didn't, were told, was the jury told when the incidents were? Well, I don't, the fact of the matter is the jury knew that he was a repeat recidivist. And in addition, the government made clear to the jury that Mr. Williams, in fact, was sentenced to more than a year in each of these cases, which is different than telling the jury, as was approved in Old Chief, that the offense was punishable by more than a year. So what the jury knew here was that Mr. Williams was a serious, a serious repeat offender who had been, who had actually gotten very serious sentences for his crimes, although they didn't know the specifics of what precise sentence he received. The, could you address the, the sentencing issue? Of course, your honor. Essentially, I believe the, my colleague and I discussed this point before, and I think we're in substantial agreement. Essentially, Rodriguez in the Supreme Court now has a great deal of impact in this case because what happened below, in terms of the drug conviction for the predicate for the ACCA, was that Mr. Williams received, well, Mr. Williams' sentence, potentially for the marijuana, what we had is marijuana and cocaine in the indictment were unclear as to which offense he actually pleaded guilty to. It's one count. It's one count. Well, that's correct. It's two counts. One count. He pleaded guilty to one count. That's correct, your honor. We don't know whether that carried a five-year maximum or a ten-year maximum because... Can I beg to disagree with that whole premise? Section 31 of the statute says, according to, again, whether we can't consider it or not may be an issue, but he had a marijuana cigarette in his ear and then the cocaine. That's what the state pre-sentence report says. If it's a marijuana cigarette in his ear, that's covered by section 31, not 30, and becomes a 30-day maximum sentence, not a five-year. I'm sorry, your honor, that would be a violation of Shepard. We don't look at the pre-sentence reports. What we look at is the information, and we look at if that conclusively determines what the conviction was for. And here, it simply doesn't. And the fact you're saying that he could get a ten-year maximum if it were a repeat... Right, and exactly. The information here had a recidivist charge in it that took the marijuana maximum from five years to ten years, and it took, actually, the cocaine maximum from ten years to 20 years. So, essentially, the issue before the court in Rodriguez... Why does the government have... He pleads guilty to one count. The count says, we caught you with marijuana. Let's assume that because of Shepard, we don't look at that. So, even though we know what the truth is, we ignore it. That we have a count that says you had marijuana and cocaine. He says, I plead guilty to that count. Why does the government have the burden, somehow, of proving that that plea doesn't cover the whole count? Why does the government have an additional burden of saying, well, no, no, we have to prove he pled guilty to both of them? Don't defense have the burden of proving that, oh, no, he didn't really plead guilty to the whole count. He just pleaded guilty to the marijuana part. No, Your Honor, under Supreme Court law, what we have here is a divisible statute. We have two possibilities, depending on the substance. We have two substances here, one potentially an act of predicate, one potentially not. Now, we have the recidivist overlay, which is the reason why we believe Rodriguez is implicated in this case. What we would propose, what I would propose, would be that if the court does not decide the case on the trial issue, on the Rule 403 issue, that it would hold judgment until Rodriguez... You mean if you lose it on 403? If the appellant loses on 403, we would request that the court hold it and permit short letter breaks upon the resolution of Rodriguez. Because, frankly, we're not conceding at this point that Rodriguez is dispositive. However, we do believe that it would make sense to wait for Rodriguez, because it certainly has something to say in this case. Okay, thank you. Thank you. You have a couple of minutes, I think? I'm sorry? You have a couple of minutes? Yes, two. Okay. Three minutes. Two minutes? Okay. It's just the usual three. How many did he deserve? Three. I thought it was two also. So that's two. Okay. Good morning, Your Honor. It's Manisha Sheth, and I represent the United States. Morning. I'd like to first cover the first argument raised in the appellant's brief regarding the introduction of more than one conviction. As the court is well aware, the general rule is that the government is entitled to prove its case by the evidence of its own choice, and a criminal defendant may not stipulate or admit his way out of the court. But why four as opposed to one? I mean, one doesn't, right? One would satisfy the government's burden of proof beyond a reasonable – Then why go beyond one? But the government, in this case, is entitled – was entitled – to put on additional evidence for three reasons. First, the government had to establish, beyond a reasonable doubt, that this defendant had a prior felony offense. But one doesn't. One doesn't. One doesn't. But second, we also had to bear that burden of proof – the burden of persuasion beyond a reasonable doubt. Again, one doesn't. One doesn't. Again, this case involved four different convictions. There were multiple – Okay, what is the third one? You said there were three reasons why this was okay. The third reason is actually jury nullification. As the court in Olchee pointed out, in this Why is the government prosecuting this defendant? Why are most citizens allowed to carry and possess firearms when this particular defendant is being prosecuted for doing the same very thing? And the Olchee court noted – the Supreme Court in Olchee noted that if a defendant was convicted of a very old felony or of a very minor felony that nonetheless qualified under 922.1 – So you can choose which of the four are going to meet that concern. In this case, the government was not allowed to state the name nor the nature of the felony. So the jury would have had no idea what kind of felony this was. They also were presented with multiple – So then why does it matter if that's your concern? How does four help you unless four convinces the jury that this is a bad guy? The four convinces us that this is a defendant that is worth prosecuting. He's not someone who – He's a bad guy. But you would prosecute if the person had well conviction, would you not? We do not want the jury to have issues about why we're prosecuting this individual. Why should this particular defendant – We're prosecuting because 18 U.S.C. 922.1 makes it a crime for a person with certain predicate offenses to possess a gun. And you show this is a person with certain predicate punishable by more than one year. And that's why Mr. Williams is being punished. He had a gun and he happens to be in a category of persons where the Congress has said, you can't have a gun. Therefore, we're punishing him because he violated the law. I guess I'm missing something. The other reason is that in order to prove this element, the government had to prove this was the same defendant who was listed in the prior convictions. And to do that, it submitted the record of prior conviction as well as the fingerprint cards. And when you read through the trial testimony – I'm sorry, you totally throw me. One would do it, plus you're introducing one of the four was an alias, a different name. Right. And so that may give the jury pause. Skip that one, go to the other one. Just do one. There were also other reasons. The certified copy of conviction and the fingerprint cards did not always match. There were some that did not have an O.T. The prints didn't always match? They matched, but there were certain pieces of information that were not available. For example – This is crazy. I guess he had a total of seven. However many he had. You sit down with the seven he had, you pick the one that has clear prints where the fingerprint examiner can say however many points of comparison he or she looks for, there's no doubt here, this between the latent print, between the known print and the exemplar on the police records, this guy has – whoever made these prints, made these prints. We know Williams made these prints because the marshal, whoever saw him, saw his fingers rolled, saw the prints going on the form. If he made those prints, he made these prints. The person who made these prints was convicted of an offense punishable by more than one year. And you just pick one and I don't – But by limiting – Cass, let me turn it around just a bit. Your argument of jury nullification, that the jury that night say, well, there's only one, why should we do it, aren't you in effect playing right into the – aren't you almost conceding the point that the public defendant was making? Aren't you almost conceding, well, we want to show he's a bad guy. He's really a bad guy, which is the whole point of the argument. No – Doesn't that argue – aren't you in effect conceding that point? Not at all, Your Honor. We are not conceding that this defendant should be found guilty of possession because, in fact, the prior offenses, none of them involved – they were not VUFA offenses. So we're not telling the jury that you should prosecute, you should find this particular defendant guilty on this occasion because he's a prior felon. We're just merely trying to establish that he did, in fact, have a felony conviction under 9221. But you are trying to tell him. That's exactly what you are trying to tell him. You're trying to tell him he should be convicted on this occasion because he had a gun and he's a prior felon. That's exactly what 922G says we've got to prove. And the government has to prove that point, the felon element, beyond a reasonable doubt, and has to persuade the jury that that is, in fact, the case. So why not just take one? Take the one with the clean prints and the real name and you tell the jury that he should be convicted here because they've had evidence that he's got a prior felony conviction. Just one. Your Honor, there's no case law to support that in the scenario which we have here, which is where a defendant refused to stipulate that he had that. He said he wouldn't contest it. That's a very big difference. Well, actually, that is a very big difference in that it does not take the element out of the case. Look at Old Chief carefully. In Old Chief, they talk about, by stipulation, that in this case, the reason why that status is imposed leaves no gap in the story of a defendant substituting criminality where there is neither a, I'm skipping around here, I'm just going to read the whole thing, leaves no demonstration of stipulation or admission, neither displaces a chapter from a continuous sequence of conventional evidence where it comes across as an officious substitution. And they talk about stipulation or an admission. That's right in the opinion. So they were saying that when the defendant either stipulates or admits the guilt or when there's been an admission, and it seems to me that what you have here with the failure to contest fits right within the language on page 190 of the Old Chief opinion where the defendant has admitted it by means other than a stipulation. In this case, I do not believe that there was an admission. He said he wouldn't contest it. He asked the judge to instruct the jury, what I posited to Mr. Swenson, tell the jury that it's the government's burden to prove all the elements beyond a reasonable doubt. It's always the government's burden to prove each of the elements beyond a reasonable doubt. In this case, one of the elements is that the defendant is a convicted felon. At the time he possessed this gun, he had previously been convicted of a crime punishable by more than one year. You've heard evidence that the defendant in fact has been convicted of a crime punishable by more than one year, and the defendant has agreed not to contest that evidence. That was never told to the jury. That was a statement made by defense counsel at Sinai. You could have asked for a charge. Once the defense counsel said they weren't going to contest it, you clearly could have asked for a charge. That's not the defense counsel's obligation. I wouldn't think to ask for that kind of a charge. The prosecutor could have asked the judge to tell the jury that based upon the defendant's failure to contest a prior felony, the jury could, they can't tell him they must, the jury could find that that element is established. And that would put us in the same footing as if the defendant did not agree not to object to the prior conviction. The defendant has no burden here. The defendant can remain silent throughout the trial. I'm saying that the judge would tell the jury, what I just said, the defendant never has to prove anything. It's your burden to prove. You've introduced evidence which the defendant is not contesting. Based upon the admission of that evidence and the defendant's failure to contest the evidence, you, the jury, may conclude as a matter of law, if you choose, as a matter of fact, that he has that prior conviction. And if you're going to get a notification, you're going to get it, but that's all you can do, it seems to me. I think that approach would present some problems because, especially in this case, we have a defendant who had a very tumultuous history with his counsel. Actually, just prior to the trial beginning, the defendant moved to, one, withdraw his previously executed stipulation as to this element, and two, attempt to represent himself or get new counsel. So given that history, to require the government to rely on counsel's representation. They made the representation. He made, the counsel told the judge, we're not going to contest it. We're not going to stipulate it, but we're not going to contest it. He told, he sang, I haven't checked him with the testimony, but Mr. Schweitzer is a very honorable man, in the real sense, not the brutish sense. He's an honorable man. And if he says that, I have every reason to believe that it's true. But he told the judge he wasn't going to contest it. And if he goes south on it, in the course of the trial, if he does contest it, then we'll roll him in. We have no reason to question the counsel's representation, but the government is concerned that what if, come time for closing, the defendant changes his mind and says to his counsel, well, I've changed my mind. I want you to now contest that element. And what does it mean to say, I will not object to that particular element? What if the defense says, the government has not proven its case? All you heard was one agent tell you about a certified copy of conviction. What is the proof that shows this defendant was convicted? The phrase, I'm not going to contest it, could mean a couple of different things. It could mean that I just won't offer any evidence that there was no conviction. It doesn't, at least to me, and I don't know whether he said anything to the contrary. Is there anything on the record that suggests that by saying he wouldn't contest it, he was agreeing to a jury charge in which the jury would be specifically told that he wasn't going to contest it, and that the jury might use that failure to contest in reaching its decision? Is there anything that was said? There is nothing in the record that the issue of the jury charge was not brought up. Because to me, saying I'm not going to contest something, heck, in most criminal trials, a lot of the evidence is never contested. That doesn't mean that the jury gets a charge that, well, the defense didn't contest it, and you might therefore. So I don't really know, really understand exactly what that meant. I just wonder if you thought there was anything that elucidated that. I think his exact statement was, I don't think Mr. Williams is refuting the prior convictions for purposes of the elements. He's just not agreeing to a stipulation. And so it wasn't really clear, other than the defense counsel telling us they were not going to raise it in trial and not going to raise it in closing. There wasn't sufficient clarity as to what they meant by not objecting. Well, what is unclear about that? We're dancing around a pin here. If there's any issue about what it means, you ask for the jury to be excused, and you call up the defendant. And then if he gets cute, he goes south, and you introduce the evidence. But none of that was done here. You're saying that the defense attorney told the judge that he wasn't going to contest it, but you're not really sure what that meant. It didn't mean that he wasn't going to bring it up in closing? In a way, it didn't mean that he wasn't going to bring it up in closing. But boy, if he tries to sandbag you in bringing it up in closing, that's really easy to deal with. But there's no guarantee that the court, the district court, would allow us to reopen the case and present evidence on that point. The only guarantee for the government to take this element out of the case is with a stipulation. And that is made clear by the case law. But when you do go and put the element in the case, I keep coming back to, you only need one conviction, right? To establish our case on a sufficiency ground. You only need one conviction. And back to Judge Arenas' point. When you mention nullification, it almost sounds as if the jury gets in there and you're worried that the jury might say, you know, you only have this one, let's just forget about it and find him innocent. So it sounds like you want to gild the lily, if you will. This ain't your ordinary guy. He has four convictions. I think the four convictions convinces the jury or persuades the jury beyond a reasonable doubt that this defendant has a prior conviction. And he's a really bad guy. Wink, wink. Three winks in addition to the first one. In the presence of the limiting instruction by the district court, which was given twice, once immediately or the following morning after the evidence and once again during the jury charge. And in addition, the government presented a very sterile introduction of this evidence. The district court limited the government's... I understand what it did, but it did four. Maybe the better, and you can decide, the argument might be, look, if you follow the Ninth Circuit case in Wyoming, yes, this is a problem. But it doesn't make any difference. It's harmless. Could you address that? Yes, Your Honor. We would argue that. In this case, the error was harmless because we had two trained Philadelphia police officers see the defendant with the gun. But that gets to the credibility of the police. His defense here because he didn't testify. He couldn't testify, I guess, with his record. So he relies upon cross-examination. He relies upon the inconsistencies in the police testimony. And there's one thing where I've never seen this before. The police report apparently says that drugs were taken from the defendant and Mr. Schweitzer's representation here is that that never happened. At least that's the record right now. So there's a lot to get the jury to have a reasonable doubt about whether or not they want to pin someone's freedom on the testimony of these two police officers. And that's where it rides on. It rides on whether or not the jury is willing to believe the testimony of these two police officers. So on the one hand, we have the jury going into the jury room where they have to believe the testimony of these two police officers against whatever the defense could so to cause them to doubt it. That's one scenario. The other scenario is they have to believe the testimony of these two police officers and they know, you know, maybe they're lying. Look, this guy's got four prior records that we know about. I don't know how many of the guys he has that they didn't tell us about. But we know he's got four priors. He even uses a false name. This is a bad guy. We do not want this guy walking the streets. And one of the cases made in the Old Chief talks about the concern, the danger of the jury getting into a preventative detention mode by thinking that the guy's a bad guy and the danger of they talk about rejected judgments, I think, and they then talk about that danger in that context. And there's one more danger, there's one more reason why Bill 403 is there. Again, we can pick and choose. All the reasons they're giving us for not going with just one can, it seems to me, be easily addressed by picking carefully the one that you do go with. The fingerprint examination may not be the most thrilling thing for jurors to listen to. It's not nearly as sexy as two police officers, one officer talking about surveillance and one talking about the pat-down, and that's much more exciting. But the fact that the jurors might be nodding off on you is not a reason to suspend Bill 403, is it? No, Your Honor, and I just want to add to the harmless error point that in addition to the two police officers who saw the defendant with the gun, one of the officers saw the defendant throw the gun, and the gun was recovered in the same place where he saw the defendant throw the gun. That doesn't help, because if they don't believe the police testimony, the police officer is not going to say, I saw him throw it in the Walmart parking lot, and the other police officer is going to say, by the way, I recovered it not from the Walmart parking lot, but I recalled it was right between his legs when I picked it up. You're saying that the fact they found the gun is consistent with where they said they saw him throw the gun, but if you accept his premise that the police officer was not telling the truth, that doesn't help, because what are they going to say? They're going to say that they recovered the gun in the same place they saw him throw the gun. It's not a magical gun. In addition to that, the defendant recovered from his person was a thievery. Again, all this is police testimony. Think more like an attorney who's mutual, or like a jury who's trying to believe what the judge told them about they can't believe the police officer really because they're a police officer. Take all that as though you really believe that. And they're trying to go into the jury room, and they've got the fact that there's a lot of problems, which may be big problems, may be very explainable in terms of the fallibility of human recollection. There may be a lot of reasons why the police officer's testimony is not as consistent as you would have liked for it to have been. And they might just say, look, there's inconsistencies here. That just means they're telling the truth. They didn't get the story together. This guy's guilty. Or they might say, you know, I have a lot of problems believing what those cops said. The stories were all kind of off the wall. And you're saying that all that argument can be negated by something that we only know based upon what the police officer said, which is not a helpful rebuttal to their argument. But the appellant's argument requires us to ignore the jury's verdict. So the jury's verdict found possession. And their argument requires us to believe that the jury somehow harbored doubt about the possession element, but nonetheless convicted this defendant because of the four priors without knowing the nature of the prior, and despite the court's instruction both the morning after that testimony was introduced as well as during the jury charge where the court specifically instructed them that they are not to consider those prior convictions for any other purpose but to establish the felon element. And the Third Circuit has repeatedly noted that juries follow the court's instruction in that regard. So to adopt the appellant's argument really strains credibility here. In addition, when we look at this, we should look at it from the perspective of the trial court. So in this, as we sit here today, our question should be, was the trial court's ruling an abuse of discretion? Was it so irrational and so arbitrary that it should not stand? And I would argue that given the defendant's history, entering into a stipulation, withdrawing from that stipulation on the eve of trial. Given his history, how does that help your argument? That the defendant had first already entered into the stipulation. On the eve of trial, the defendant withdrew from that stipulation. Throughout the trial, there was conflict between the defendant, how he wanted to present his case and how counsel wanted to present the case, and that is made clear from the record. One example is the issue of when the defendant had his fingerprints taken for the government to prove that this defendant was in fact the defendant in the fingerprint cards. Given that history, it is not reasonable for the government to rely on defense counsel's representation that they would not object to that element. There is nothing short of, nothing more concrete than a stipulation that would take that element out of the case. How does four convictions rather than one help you if the defendant does change his mind or does something? Let's assume he does something and reaches his understanding and does a bad thing. How does the second and third conviction help you? If the judge takes some remedial action, what difference does it make? He or she will take whatever remedial action is appropriate, but how does the second or third conviction help that? Did you understand the question? Yes, Your Honor. For each conviction, the government has to identify that this defendant is the defendant that has been fingerprinted in the fingerprint card that accompanies that conviction. If defense wants to argue any one of those fingerprint cards, there is a basis for each one of them. In addition, we have to tie the fingerprint card to the certified record of conviction by matching up the DC number. But there's a conviction here that will do that for you. Each of the convictions suffered from some minor discrepancy when we compared the fingerprint card with the certified copy of conviction. For example, document 20A did not have an arrest date to match the fingerprint card, which was 21A. 20A also did not have an OTN number that matched the fingerprint card. The second conviction had minor discrepancies in that the PPN number was not preceded by an A or a C, as it was in the fingerprint card. There was some discrepancy on the date of incidence on the conviction record. And while these may seem like minor discrepancies in the police paperwork, these are the kind of discrepancies that the defense relies on when contesting that element. Why didn't you use all seven? The government did try to accommodate some reasonable measure that would consider the requirements of Rule 403. That is the rule that the probative evidence is not substantially outweighed by any prejudicial value. And by limiting the testimony to exclude the nature and the underlying facts regarding the conviction, the government did its best effort to address those concerns. But isn't part of the problem, I mean, going forward, with all the questions that we have, you would think that you don't want to put an arrow into the quiver of the other side on an appeal. And that's exactly what happened by putting four in instead of one. You wouldn't be here on this issue today getting all these questions. Did you try the keys? I did, Your Honor. Because trial attorneys don't think like that. It's the nature of winning the trial and not thinking beyond that. I'm not accusing you of that, but I'm saying sometimes that's a human nature. But everything you're saying here, it seems to me, is somewhat undermined, somewhat or greatly undermined, by his offering not to contest it. Now, you can say, well, we couldn't rest easy with that. I can see why you would say that. But everything you're saying about problems with the fingerprint card, problems with the federal police number, problems with the date, would be a lot more forceful absent that concession on their part. You're saying you can't buy that concession. It clearly sounds like Williams was a real pain in the butt. He was the kind of defendant that it's not the easiest for an attorney to work with, and that maybe heightened the concerns that this guy is going to really go south on you once you get to the closing argument. I guess that's what you're saying. And there is no case that supports defendant's proposition that when a defendant refuses to stipulate, the government should be forced to rely on the representation of his counsel. Well, look carefully at Old Chief. It doesn't say it the way you posed it. But the court clearly is talking about the stipulation or admission. And when you have that, and the court is clearly saying, if you have an admission, it doesn't constitute a stipulation, and you can't. And they're looking at that. Judge Justice Souter is looking at those scenarios the same for Professors Rule 403. And I didn't get that until the third or fourth time I read the case. But it seems to me that's exactly what we have here. We have what is tantamount to an admission. The jury could have been charged to that extent. I mean, it's not their obligation to ask the judge to tell the jury something that's going to hurt their client. It just seems, as Judge Ambrose said, this thing got a lot messier than it could have or needed to. My argument would be that it was not an admission. The defendant did not make an admission that he was a prior convicted felon. Anything else? Thank you. Is it the chef or she?  Thank you. Thank you, Michelle. Do you want to take a few moments on that, on the ACCA part of this? I just don't wait for Rodriguez is what I would do. Okay. And if I'm not wrong, just waiting on Rodriguez on the ACCA part of this? That would be fine, Your Honor. I just want to add here the case is a little bit different in that the record makes clear that the defendant was sentenced to not less than one and not more than ten years. And given that, in Rodriguez, I think the defendant was sentenced to about 47 months, so something less than the ten years, which would require the court to reach that second issue of the recidivist statute. I do want to point out this court's opinion in Steele v. Blackman, where the court noted in dicta that it seems like it would be likely to follow. And this was not a case cited in the government's paper, given that the issue was just raised on the reply, but that the Third Circuit is likely to follow the Seventh Circuit's approach or the First Circuit's approach in Duval and Henton with regard to this issue. In the Steele case, the defendant was a former resident immigrant who had been denied admission into the United States, and the issue was whether his prior conviction constituted an aggravated felony. The court noted that there was no evidence presented or litigated whether that defendant was charged as a recidivist, and because of that, the court could not sentence him as an aggravated felon. However, the corollary is, had that issue been litigated and the court was able to determine that the defendant was a recidivist and subject to an enhanced penalty, they would have been able to find that issue. Thank you, Your Honor. Mr. Streets, any adjustment time? Thank you, Your Honors. Of course, there are some very good reasons to side with the Ninth Circuit and Rodriguez too, but I'll set those aside. The most important thing here is that in no way was the defendant's representation shaky at all. First of all, the government relied somewhat heavily on the fact that this was made by counsel as opposed to the defendant. That's true at one point in the record, but elsewhere the defendant directly addresses the court and the government and says, I'm not contesting this. I don't dispute it. That's at page 332 of the record. Indeed, when another prosecutor from the U.S. Attorney's Office was sort of called in later in the trial to resolve or to give his own views on this issue, the district court said to the prosecutor, when the prosecutor who was not trying the case came into the courtroom to discuss the matter and said, well, the defendant, characterizing the defendant's position as he's contesting this, the district court said, no, no, no, he's not contesting it. He's not disputing anything. He's just not stipulating to it. So it was crystal clear from the defendant's mouth himself what was going on here. Now, my distinguished colleague also sort of takes me to task for this wild set of inferences that you would have to posit on behalf of the jury to get to propensity. Well, they would have said this and this and that. Well, the fact of the matter is we saw right here what the Potemkin village here is, and that is that what was really going on is an argument against jury nullification. That's propensity plain and simple. In addition, another sort of putative shaky ground for this position was that the fingerprint cards didn't match up or a note wasn't the same or something to that effect. The district court swept all of those issues aside at trial by allowing, by forcing Mr. Williams to be printed on the spot, to be reprinted. So the whole issue of fingerprint cards, do they match up, was there any possible weakness in that case, is totally beside the point because, and this was 50 pages of the record, Your Honor, below was dedicated to this issue of whether Mr. Williams could be taken in the back and fingerprinted anew because he wouldn't stipulate to the priors. And the district judge ordered it. We're not challenging that on appeal. Well, I believe that that helps her because did this come after he said he wasn't going to contest the priors? He said he wasn't going to contest the priors, and then when it came time to put the evidence on, the prosecutor insisted on fingerprinting him anew because it's the supposed shaky evidence with respect. Now, the district court didn't believe it. The district court said, you've got to be kidding me. This isn't a Rule 29 issue. This is plenty of proof here to go to a jury. The prosecutor didn't think so for whatever reason, neither here nor there. The point is all of those issues are out of the case because the court ordered Mr. Williams printed. Now, again, in a lot of ways we're sort of splitting hairs between, well, could conceivably a jury have rejected this despite the fact that there was no factual contesting, despite the fact that in closing argument counsel said he did it, he did these, please don't draw the impermissible inference here. Could there be some hypothetical possibility? I actually don't think so, but the point is this is a four-on-three scale, and what we have to do is we have to weigh the probative value. What's the real probative value and what's the genuine need in that situation? So let's concede there's some hypothetical value, which I wouldn't for argument's sake. If we were to concede that, it still does not really make a difference in this case because on this side of the scale is so little probative value, even granting the government's position, and on this side of the scale on rule 403 is the extremely injurious prejudice that resulted, and in fact it appears the government was fully cognizant it couldn't result based on their nullification argument. So I would suggest, Your Honors, that when you step back and you look at the full 403 picture here, it's not even close. Thank you. The case is very, very well argued. We haven't discussed this case. I have no idea how it's going to come out, but let me just say this is only my reaction. It's not any of my collective reaction, but one thing I can't help but think is that this case, and the government may well win here. It seems to me the defense counsels are really up against it, but it just strikes me the case was over-tried, and I don't know if that comes from it being one of your earlier cases, maybe, Strath, or not. It may have been, and I clearly have been in your shoes. I know that you want to dot every I and cross every T and make sure that everything is accounted for, not leave anything to chance, but in doing that sometimes you really can over-try a case, and especially in the criminal context when you've got 403 and due process concerns, and you need to try it, not over-try it, and it's not always easy to know where you draw that line. Because you don't want to say, as a defense attorney, a very good appellate attorney once told me, when I told him all you need to do on making an argument on appeal is narrow it down to your best issues. Don't go on and on and on, and he made a response that was very good. He said, well, you tell me what my best issue is and make sure that your colleagues agree with you, and I'll narrow it to that. So you don't always know at the end of the trial how the jury is going to react, how many of those you can't read, but sometimes it just seems to me this thing was over-tried, and as a result of that, as Judge Emberl said, it turned out to be a heck of a lot more complicated than it should have been. And, again, this doesn't have anything to say whether you win or lose. I mean, you're both very, very skilled advocates, obviously, and very, very good attorneys. I just thought I would share that with you for whatever it's worth. Counsel, I've got to say one very small point. If you put in one conviction and he breaks his promise and he starts to challenge it, that would have been the best thing that could have happened to you. You should have been praying for that. You should have prayed for that. Because then not only is he guilty, but he's a really sleazy character in addition to that. You should have prayed for that result. I won't say right between the eyes, but there's a more vulnerable part of the anatomy that I was actually thinking of. But significant forces have been applied to that vulnerability in anatomy.